# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| ROBIN HAWKINS, | : | Case No. 3:18-cv-00240 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff brings this case *pro se* seeking judicial review of a final decision issued by the Commissioner of the Social Security Administration. The Commissioner filed a certified copy of the administrative record on October 1, 2018. Plaintiff did not file a Statement of Errors as required by the Magistrate Judges' Seventh Amended General Order No. 11. Consequently, the Court Ordered Plaintiff to Show Cause—not later than December 21, 2018—why her Complaint should not be dismissed due to her failure to file a timely Statement of Errors as required by the Magistrate Judges' Seventh Amended General Order No. 11. (Doc. #8). The Court also provided Plaintiff with an alternative opportunity to file a Statement of Errors by December 21, 2018. *Id*.

On January 24, 2019, the case was stayed due to lapse of congressional appropriations. *See* General Order 18-02 (available at http://www.ohsd.uscourts.gov

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

search: "General Orders" then "District"). The Court lifted the stay on March 25, 2019 and ordered Plaintiff to show cause why this case should not be dismissed for failure to file a timely Statement of Errors and for failure to prosecute. The Court also provided Plaintiff with the alternative to file her Statement of Errors. Plaintiff's response to the Order to Show Cause, or Statement of Errors, was due by April 15, 2019. Plaintiff has not responded to the Order to Show Cause or filed a Statement of Errors.

Plaintiff has engaged in a clear pattern of delay by not filing a Statement of Errors, by not responding to the Order to Show Cause, and by not taking any action in this case since filing her Complaint. The main effect of Plaintiff's failure to comply with the Court's Order to Show Cause is that the record is void of an explanation by Plaintiff for her failure to file a Statement of Errors. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and

2. The case be terminated on the docket of this Court.

April 17, 2019   *s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in "Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to) …." Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).